OPINION
{¶ 1} Defendant-appellant, Western Reserve Water District ("Western Reserve"), appeals from the judgment of the Franklin County Court of Common Pleas granting monetary and equitable relief to plaintiff-appellee, Ohio Water Development Authority ("OWDA"). This matter is before the court for the second time, and the facts and circumstances of the case were extensively developed in our prior decision. Ohio Water Dev. Auth. v.Western Reserve Water Dist., Franklin App. No. 01AP-1244, 2002-Ohio-4393. We will repeat here only those facts and procedural circumstances necessary to disposition of the present appeal.
 {¶ 2} OWDA is a state agency charged with assisting in the development of local water systems in the state of Ohio. OWDA holds statutory authority to loan funds to local agencies to further the development of acquisition or construction of water supply and distribution projects. Western Reserve is such an agency, and was created in 1991 to develop and provide potable water to portions of Brunswick Hills Township in Medina County, Ohio. Western Reserve borrowed $510,000 from OWDA under a "cooperative agreement for state planning project" (the "cooperative agreement"), governing the terms for disbursement and repayment of this funding. Western Reserve then spent the funds without tangible result, either in the discovery of a suitable water source or development of a water distribution system. In the absence of an ongoing operation, Western Reserve was left without resources to repay OWDA. Western Reserve then attempted to enact a resolution of assessment to raise the funds, but this was challenged and ultimately invalidated in the Medina County Court of Common Pleas, and this decision was affirmed on appeal. Macko v. Western Reserve Water Dist. (Dec. 9, 1998), Medina App. No. 2774-M. Since that decision, Western Reserve has made no attempt to pass a valid resolution of assessment and has been unable to repay OWDA.
 {¶ 3} OWDA initiated this matter with a complaint stating claims for breach of contract and declaratory judgment and seeking monetary and injunctive relief from Western Reserve and its individual board members. The complaint sought repayment of principle and interest, plus attorney fees and costs, as well as an order restraining Western Reserve from dissolution until it had satisfied its debt to OWDA, and an injunction restraining the individual trustees from resigning their positions without insuring that a replacement would be in place.
 {¶ 4} In 2001, the Franklin County Court of Common Pleas rendered its initial decision in the matter finding that, under the terms of the cooperative agreement, Western Reserve was not required to unconditionally repay the amounts borrowed and OWDA was not entitled to equitable relief to insure such repayment. Upon appeal, this court reversed, finding to the contrary that Western Reserve had an unconditional obligation to repay OWDA, and that, if revenues from operations were lacking, the cooperative agreement obligated Western Reserve to impose an assessment to collect the necessary funds. We remanded to the Franklin County Court of Common Pleas with instructions to issue an injunction ordering Western Reserve to pass a resolution of assessment conforming with R.C. 6119.58, which governs the expenditure of funds for planning purposes by a water district, and the language of the cooperative agreement:
* * * [I]t is clear that Western Reserve had an obligation to repay the funds, whether from revenues or special assessments. In the absence of revenues, the obligation to impose the necessary assessments can be found under the contract.
* * * [T]he matter is remanded to the trial court for further proceedings to provide appropriate relief to OWDA and ensure Western Reserve's performance under the cooperative agreement.
Ohio Water Dev. Auth. at ¶ 30-31.
 {¶ 5} In light of this remand, the trial court subsequently entered judgment granting substantially all relief demanded in the complaint:
* * * (a) A declaratory judgment that defendant Western Reserve Water District ("Western") has materially breached the Cooperative Agreement between Western and OWDA; (b) A judgment in favor of OWDA and against Western in the amount of $556,033.25, plus all interest accrued thereon under the terms of the Cooperative Agreement, plus attorneys' fees and costs; (c) An order restraining Western and the Trustee Defendants from final dissolution and winding up of Western until it has satisfied its debt to OWDA, including all interest accrued thereon, plus attorneys' fees and costs associated therewith; (d) An injunction restraining the Trustee Defendants from resigning their positions as trustees with Western and declaring any resignations invalid until such time as replacements are appointed; (e) An injunction ordering Western and the Trustee Defendants to pass a Resolution of Necessity upon Western's residents in conformance with the requirements of Section 6119 of the Ohio Revised Code; (f) A judgment declaring Western's efforts to dissolve, absent petition to the Court of Common Pleas, a violation of 6119.051 of the Ohio Revised Code and, therefore, invalid.
In light of the decision of the Court of Appeals, made final by the Ohio Supreme Court's refusal to grant jurisdiction in this matter, this Court hereby grants relief to OWDA and against Defendants as set forth in items (a) through (f), above. * * *
Further proceedings were subsequently held in the trial court to determine the amount of attorney fees to be awarded in the case.
 {¶ 6} The trial court has entered final judgment. The individual defendants, to the extent that they are still parties in the trial court, have not filed a notice of appeal. Only Water Reserve has appealed, and the matter is before this court on appellant's sole assignment of error:
THE TRIAL COURT ERRED IN AWARDING BOTH MONEY DAMAGES AND EQUITABLE RELIEF IN A BREACH OF CONTRACT CASE.
 {¶ 7} At this stage of the proceedings, Western Reserve no longer contests an award of monetary damages to OWDA. Western Reserve's argument on appeal is that the trial court went too far in ordering both injunctive and monetary relief, because the award of injunctive relief in essence constitutes the premature initiation of a collection process. It was thus error, Western Reserve asserts, for the trial court to resort to equitable remedies when the legal remedy of an award of monetary damages had not been definitively demonstrated to be inadequate.
 {¶ 8} We find that Western Reserve's arguments on appeal are not well-taken. This court has held that equitable relief and damages are not necessarily mutually exclusive remedies. InMesarvey, Russell Co. v. Boyer (July 30, 1992), Franklin App. No. 91AP-974, we affirmed an award of both monetary damages and a prospective injunction to prevent a former employee's violation of a non-competition agreement with a former employer. While a trial court may grant an injunction only where there is no adequate remedy at law and the complaining party will otherwise suffer irreparable injury, Ackerman v. Tri-City Geriatric Health Care, Inc. (1978), 55 Ohio St.2d 51, if the complaining party has shown by clear and convincing evidence that an injunction is required to grant effective relief, the trial court may exercise its discretion in fashioning such equitable relief in addition to a legal remedy. Mesarvey, citing Perkins v.Village of Quaker City (1956), 165 Ohio St. 120.
 {¶ 9} Our standard of review in an appeal from the grant of an injunction by a trial court is whether the trial court abused its discretion in granting equitable relief. Franklin Cty. Dist.Bd. of Health v. Paxson, Franklin App. No. 02AP-727, 2003-Ohio-1331, at ¶ 24. In an action seeking a temporary or permanent injunction, the plaintiff must prove its case by clear and convincing evidence. Id. The standard of clear and convincing evidence was defined by the Ohio Supreme Court in Cross v.Ledford (1954), 161 Ohio St. 469, 477, as "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established."
 {¶ 10} In the present case, we find no abuse of discretion on the part of the trial court in supplementing the award of monetary damages with further equitable relief. A simple award of monetary damages would have done no more than define the exact amount OWDA would never receive from Western Reserve. There was ample evidence before the trial court to prove by clear and convincing evidence that Western Reserve currently stood as a shell entity without revenue or resources from which to pay a judgment, and without any recent impulsion from the board toward passage of an assessment in order to raise the necessary funds. Our prior decision in this case established that OWDA was entitled to repayment and that Western Reserve was contractually obligated under the cooperative agreement to impose an assessment to raise the necessary funds if no other source were available. The evidence before the trial court meets the clear and convincing standard to establish that computing the amount of awardable monetary damages would not reasonably lead toward their payment, and we find no abuse of discretion on the part of the trial court in fashioning a suitable equitable remedy to ensure both that the damages are awarded in the correct amount and that there exists some reasonable mechanism by which they may some day be paid.
 {¶ 11} We accordingly find that the trial court did not err in awarding both legal and equitable relief to OWDA, we overrule Western Reserve's sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Sadler and Travis, JJ., concur.