JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Cynergies Consulting, Inc. (Cynergies) appeals the trial court's decision granting defendant-appellee Kenneth Wheeler's (Wheeler) motion to dismiss. For the following reasons, we affirm in part and reverse in part.
 {¶ 2} The facts giving rise to the instant action began on April 15, 2005, when Wheeler and a representative from Cynergies, located in Highland Heights, Ohio, signed a "Salaried Consultant Employment Agreement" (Agreement). The Agreement contained the following "Non-Competition Agreement" (non-competition clause):
 "NON-COMPETITION AGREEMENT: In consideration of Contractor's [Cynergies] promise herein, Salaried Employee [Wheeler] agrees and covenants that during the term of this agreement, and for a period of twelve months after the provision by Salaried Employee of any services to Contractor's clients, Salaried Employee will not perform identical, similar, or related services to Contractor's clients for whom Salaried Employee performed services except as an [sic] Salaried Employee of this Contractor. Salaried Employee further agrees not to accept employment with Contractor's clients for a period of twelve months after the termination of this contract without the written consent of the Contractor."
 {¶ 3} The Agreement commenced April 15, 2005, and continued pursuant to automatic renewal. Cynergies assigned Wheeler to work for National City Bank (NCB) as a Project Lead.
 {¶ 4} On February 28, 2006, Wheeler terminated his employment with Cynergies. Sometime after July 2006, Wheeler accepted a position with Sapphire, located in Independence, Ohio, and was assigned to work for NCB in a similar capacity, to that which he held with Cynergies. *Page 4 
 {¶ 5} On December 13, 2006, counsel for Cynergies sent Wheeler a certified letter which read in part:
 "It has come to our attention that at some point following your voluntary resignation from Cynergies on February 28, 2006, you have been providing identical services at National City Bank, a client of Cynergies, through Sapphire Technologies, a direct competitor in the Cleveland market."
 {¶ 6} The letter indicated that if Wheeler continued to violate the terms of the Agreement, Cynergies would take legal action. Wheeler continued to work at Sapphire.
 {¶ 7} On March 20, 2007, Cynergies filed a complaint and alleged breach of contract against Wheeler and tortious interference with an agreement against Sapphire. Cynergies motioned for preliminary and permanent injunctions and also asked the trial court for damages, declaratory judgment, and an accounting.
 {¶ 8} The dispute between Cynergies and Sapphire settled, and on April 30, 2007, Cynergies filed a motion to dismiss Sapphire with prejudice, which was granted by the trial court on May 17, 2007.
 {¶ 9} On May 1, 2007, Wheeler filed a Civ. R. 12(B)(6) motion to dismiss arguing the following: the contract could not be enforced without a remedy clause setting forth a legal or equitable theory of relief; Cynergies failed to identify which trade secret information set forth in R.C. 1333.61 it desired to protect; the noncompetition agreement at issue was an unreasonable restraint on employment; and *Page 5 
lastly, Cynergies' claims were time-barred. The trial court granted Wheeler's motion to dismiss on July 2, 2007.
 {¶ 10} Cynergies appeals, raising two assignments of error for our review.
 {¶ 11} ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court erred in granting a Civ. R. 12(B)(6) motion to dismiss Plaintiff's Breach of Contract claim against Defendant when the allegations in the Complaint, taken as true, supported a finding in Plaintiff's favor on all elements of a breach of contract claim."
 {¶ 12} Cynergies argues that the trial court erred when it granted Wheeler's motion to dismiss its breach of contract claim.
 {¶ 13} We review Civ. R. 12(B)(6) motions to dismiss de novo.Fairview Realty Investors, Ltd. v. Seaair, Inc. dba ClutterbuckNapa, Cuyahoga App. No. 81296, 2002-Ohio-6819.
 "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. All factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. In order for a court to grant a motion to dismiss for failure to state a claim, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Tisdale v. Javitch, Block Rathbone, Cuyahoga App. No. 83119, 2003-Ohio-6883. (Internal citations omitted.)
 {¶ 14} When a contract is attached to a complaint, Civ. R. 10(C) applies, which reads in part: "A copy of any written instrument attached to a pleading is a part of the pleading for all purposes."
 {¶ 15} The elements for breach of contract are set forth as follows:
 "A breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching *Page 6 party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." All Star Land Title Agency, Inc. v. Surewin Inv., Inc., Cuyahoga App. No. 87569, 2006-Ohio-5729. (Internal citations omitted.)
 {¶ 16} We note that Cynergies attached its Agreement with Wheeler to its complaint. The non-competition clause therein prohibits Wheeler, for a period of twelve months, from accepting employment or performing identical, similar, or related services to Cynergies' clients for whom Wheeler worked while at Cynergies. Cynergies performed its contractual obligations by employing Wheeler from April 15, 2005 until February 28, 2006, when Wheeler voluntarily terminated his employment. The complaint alleged that Wheeler failed to fulfill his contractual obligation not to compete when he accepted employment with NCB through Sapphire within twelve months of terminating his employment with Cynergies. Thus, in taking all factual allegations in the complaint as true, and in drawing all reasonable inferences in favor of the nonmoving party, it does not appear that dismissal was appropriate.
 {¶ 17} Wheeler argues, however, that dismissal was appropriate because the Agreement lacks a remedies provision and is thus too uncertain to be enforced. However, no authority exists in support of Wheeler's contention that non-competition agreements must contain a remedies provision. This is so because "[a]n injunction is an extraordinary remedy in equity and is only available where there is no adequate remedy at law." Eng. Excellence, Inc. v. Meola, Franklin App. No. 01AP-1342, 2002-Ohio-5412. Thus, although "equitable relief and damages are not necessarily *Page 7 
mutually exclusive remedies," it makes sense that the drafter of a non-competition agreement may choose to omit a remedies provision.Ohio Water Dev. Auth. v. Western Reserve Water Dist., 10th Dist. No. 05AP-954, 2006-Ohio-2681.
 {¶ 18} Wheeler also argues that Cynergies' complaint must be dismissed because it fails to set forth what trade secret information pursuant to R.C. 1333.61 that it desires to protect. However, no authority exists in support thereof. "The purpose in allowing non-competition agreements is to foster commercial ethics and to protect the employer's legitimate interests by preventing unfair competition * * *." Westco Group, Inc. v.City Mattress, 2nd Dist. No. 12619, 1991 Ohio App. LEXIS 3878.
 {¶ 19} Furthermore, Wheeler argues that the non-competition clause is an unreasonable restraint on employment. Regarding non-competition agreements, it has been held that:
 "It is a well settled rule of law in Ohio, that contracts in general restraint of trade are void; but if limited in time and in partial restraint of trade only, they may be supported, if the restraint be reasonable, and the contract founded on a good and valuable consideration. But it seems to be equally well settled in Ohio, that contracts in partial restraint of trade are such as operate only as to particular places and persons, as well as for a limited period of time." Lufkin Rule Co. v. Xarver Fringell
(1895), 4 Ohio Dec. 209.
 {¶ 20} "Modern economic realities * * * do not justify a strict prohibition of noncompetition agreements between employer and employee in an at-will relationship." Lake Land Emp. Group of Akron v.Columber, 101 Ohio St.3d 242, 2004-Ohio-786. *Page 8 
 "A covenant restraining an employee from competing with his former employer upon termination of employment is reasonable if the restraint is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public." Raimonde v. Van Vlerah (1975), 42 Ohio St.2d 21, at paragraph two of the syllabus.
 {¶ 21} As such, the Supreme Court of Ohio "has long recognized the validity of agreements that restrict competition by an ex-employee if they contain reasonable geographical and temporal restrictions."Land Lake Emp. Group of Akron at 245. However, Wheeler's argument for dismissal-that the Agreement's non-competition clause is unreasonable-is not an issue appropriate for a motion to dismiss in the instant case because there are factual questions requiring resolution.
 {¶ 22} Wheeler's final contention for dismissal is that Cynergies' claims were time-barred. However, Wheeler fails to cite to any authority denying a complainant damages for breach of contract for filing a complaint after expiration of a noncompetition agreement, but before expiration of the applicable statute of limitations. Cynergies' additional demands for relief are more appropriately addressed in its second assignment of error.
 {¶ 23} Cynergies' first assignment of error is sustained.
ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court erred in granting a Civ. R. 12(B)(6) motion to dismiss Plaintiff's claims for equitable relief when the allegations in the Complaint, taken as true, demonstrate that Defendant breached his non-competition agreement by working for six months of the one-year non-competition period for one of Plaintiff's clients." *Page 9 
 {¶ 24} Cynergies argues that the trial court erred when it granted Wheeler's motion to dismiss its claims for an injunction, declaratory judgment, and an accounting. As already noted, we review motions to dismiss de novo. Fairview Realty Investors at_8.
 {¶ 25} Regarding injunctive relief in the instant case, a review of the pleadings reveals that the non-competition clause became effective on April 15, 2005, when Wheeler commenced employment with Cynergies, and expired on February 28, 2007, one year after Wheeler terminated his employment with Cynergies. Cynergies did not file its complaint until March 20, 2007, several weeks after expiration of the non-competition clause set forth in the Agreement.
 {¶ 26} Ohio courts have found that "an injunction must account for periods of noncompliance in order to make judicial enforcement effective." Penzone v. Koster, 10th Dist. No. 07AP-569,2008-Ohio-327. "The Supreme Court of Ohio * * * held that it would emasculate the intent of Civ. R. 54(C) to hold that the plaintiff is entitled to an injunction, but cannot enforce it because the time period restriction has passed since the employee left employment."Penzone at_25; see Raimonde; see, also, Rogers v. Runfola Assoc., Inc.(1991), 57 Ohio St.3d 5.
 {¶ 27} However, the instant case is easily distinguishable fromPenzone, Raimonde, and Rogers because Cynergies did not file its complaint until after the expiration of the non-competition clause in the Agreement. In Penzone, Raimonde, and Rogers, the complaining parties all filed complaints prior to expiration of the non-competition *Page 10 
agreements. Therefore, the trial court did not err when it dismissed Cynergies' claim for an injunction.
 {¶ 28} Furthermore, regarding declaratory actions, the Ohio Revised Code permits the filing of declaratory actions after a contract has been breached. See R.C. 2721.04. However, a trial court may refuse to render declaratory judgment where it would "not terminate the uncertainty or controversy giving rise to the action or proceeding in which declaratory relief is sought." R.C. 2721.07.
 {¶ 29} In the instant case, Cynergies' demand for declaratory judgment is subsumed within its claim for breach of contract because the first element for breach of contract requires "the existence of a binding contract or agreement." All Star Land Title Agency, Inc. at_19. As such, declaratory judgment "would not terminate the uncertainty or controversy giving rise to the action" pursuant to R.C. 2721.07. In the instant case, this rationale is further bolstered by notions of judicial economy and the efficient use of the court's time and resources. Thus, the trial court did not err when it dismissed Cynergies' claim for declaratory judgment.
 {¶ 30} Regarding Cynergies' claim for an accounting, it is well settled that where a plaintiff seeks an accounting in order to ascertain the amount due and thereafter attain judgment, the action is one in law, not equity. See Harlow v. Hoehn (1911), 32 Ohio C.C. (n.s.) 484;Murphy v. Jackson (1934), 9th Dist. No. 2280, 17 Ohio L.Abs. 321. Furthermore, the discovery process provides adequate means to obtain the same information sought through an accounting in the case sub judice. *Page 11 
See Complete Bldg. Show Co. v. Albertson (1918), 99 Ohio St. 11. Therefore, the trial court did not err when it dismissed Cynergies' claim for an accounting.
 {¶ 31} Cynergies' second assignment of error is overruled.
 {¶ 32} Judgment affirmed in part and reversed in part.
It is ordered that appellant and appellees share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. MCMONAGLE, J., and MELODY J. STEWART, J., CONCUR *Page 1