[Cite as *Valspar Corp. v. Nguyen*, 2012-Ohio-2710.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| VALSPAR CORPORATION | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 11 CAE 12 0116 |
| HUNG NGUYEN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Delaware County Court of Common Pleas, Case No. 10 CVH 03 0437

JUDGMENT:   AFFIRMED

DATE OF JUDGMENT ENTRY:   June 13, 2012

APPEARANCES:

For Appellant:

ESTER D. HARBER
4153 Cadillac Ct., Suite E
Columbus, OH 43232

For Appellee:

ANNE LITTLE
24 Huber Village Blvd.
Westerville, OH 43081

*Delaney, P.J.*

{¶1} Defendant-Appellant Hung Nguyen appeals the November 29, 2011 judgment of the Delaware County Court of Common Pleas granting the motion for summary judgment of Plaintiff-Appellee Valspar Corporation.

{¶2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be

sufficient compliance with App.R. 12(A) for the statement of the reason

for the court's decision as to each error to be in brief and conclusionary

form.

The decision may be by judgment entry in which case it will not be

published in any form.

This appeal shall be considered in accordance with the aforementioned rule.

## FACTS AND PROCEDURAL HISTORY

{¶3} Nguyen was the business manager for Wholesale Autobody Materials Mobile Outlet, also known as WAMMO, LLC.

{¶4} Valspar is a Minnesota corporation that sells auto paints and equipment.

{¶5} On December 10, 2008, Valspar entered into an agreement with WAMMO for the supply of goods to WAMMO. In order to secure the agreement, Nguyen signed a Personal Guaranty Agreement on December 23, 2008. The Personal Guaranty Agreement establishes the extension of credit from Valspar to WAMMO in consideration of the Guarantor's guarantee of payment. Nguyen signed

the Personal Guaranty Agreement as Guarantor. Under the Personal Guaranty Agreement, Valspar may maintain a right of action against the Guarantor and the Company jointly, the Company and Guarantor individually, or solely against the Guarantor.

{¶6} On March 19, 2010, Valspar filed a Complaint for Breach of Contract with Guarantee in the Delaware County Court of Common Pleas. Valspar named WAMMO and Nguyen as defendants. Valspar claimed it was owed $47,138.58 for goods and services credited to the defendants as of June 25, 2009. Nguyen answered the Complaint and filed a Counterclaim against Valspar. Valspar dismissed the action against WAMMO on July 21, 2010 without prejudice. The action remained pending against Nguyen.

{¶7} Valspar filed its motion for summary judgment on November 4, 2010. Nguyen responded to the motion. On November 29, 2011, the trial court granted summary judgment in favor of Valspar. The trial court also found Nguyen's counterclaim to be moot and dismissed the same.

{¶8} It is from this judgment Nguyen now appeals.

**ASSIGNMENTS OF ERROR**

{¶9} Nguyen raises two Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE AND AGAINST APPELLANT.

{¶11} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT PERSONALLY LIABLE ON AN UNCONSCIONABLE AND UNENFORCEABLE GUAURANTY."

## STANDARD OF REVIEW

{¶12} This matter is before the Court upon a ruling on a motion for summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## ANALYSIS

### I., II.

{¶14} We will consider Nguyen's first and second Assignments of Error together. Nguyen's argument on appeal focuses on the enforceability of the Personal Guaranty Agreement. He raises multiple arguments to show there is a genuine issue of material fact as to whether the Personal Guaranty Agreement is enforceable against him for the debt of WAMMO. Upon our de novo review, we find reasonable minds can only conclude Nguyen is personally liable under the terms of the Personal Guaranty Agreement.

{¶15} A guaranty is a promise by one person to pay the debts of another. 52 Ohio Jurisprudence 3d, Guaranty and Suretyship, Section 3 . We review the Personal Guaranty Agreement under the law of contracts. It is a fundamental principle in contract construction that contracts should "be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Company*, 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus. A reviewing court should give the contract's language its plain and ordinary meaning unless some other meaning is evidenced within the document. *Alexander v. Buckeye Pipe Line Company*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978).

### *UNCONSCIONABILITY*

{¶16} In his appeal, Nguyen argues the Personal Guaranty Agreement is not enforceable against him because it contains unconscionable terms. We have reviewed Valspar's motion for summary judgment and Nguyen's response filed in the trial court. In the trial court briefing, Nguyen did not raise the issue of

unconscionability, but argues it for the first time on appeal.  It is well established that a party cannot raise any new issues or legal theories for the first time on appeal."  *Dolan v. Dolan*, 11th Dist. Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, at ¶ 7, citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975). "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process."  *Dover v. Carmeuse Natural Chemicals*, 5th Dist. No. 10-CA-8, 2010-Ohio-5657, ¶77 quoting *Nozik v. Kanaga*, 11th Dist. No. 99-L-193, 2000 WL 1774136 (Dec. 1, 2000).  We find that Nguyen therefore has waived review of this issue by failing to raise it at the trial level.

*PROBLEMS WITH THE PERSONAL GUARANTY AGREEMENT*

{¶17} Nguyen next contends there are genuine issues of material fact as to the Personal Guaranty Agreement itself.

{¶18} He first argues the Personal Guaranty Agreement is not enforceable because it was not properly notarized.  Nguyen signed the Personal Guaranty Agreement.  The Personal Guaranty Agreement contains a notary seal, is dated, and is signed by a public notary.  The "State of" and "County of" lines are left blank.  "To be properly executed, a personal guaranty need not be witnessed or notarized but under the statute of frauds (R.C. 1335.05), it must be a writing which is signed by the party to be charged."  *Scherers Communication Inc. v. Natl. Media Marketing, Inc.*, 10th Dist. No. 93APE09-1254, 1994 WL 129912 (Apr. 14, 1994) citing *Loveland Properties v. Ten Jays, Inc.*, 57 Ohio App.3d 79, 83 (1st Dist.1988).  Thus, the notarization issue does not affect the Personal Guaranty Agreement.

{¶19} Second, Nguyen seems to argue his copy of the Personal Guaranty Agreement is not the same copy of the Agreement as held by Valspar based on differences in electronically printed fax numbers on the Agreement attached to various pleadings as exhibits. We find this argument meritless based on Nguyen's answer to Valspar's Requests for Admissions. In Request No. 18, Nguyen admits he signed the contract and personal guaranty attached to the complaint and the request as Exhibit A. Exhibit A is the copy of the Personal Guaranty Agreement provided by Valspar. Civ.R. 56(C) states, "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

*CONFLICTING AFFIDAVITS*

{¶20} In support of its motion for summary judgment, Valspar attached the affidavit of David Skelley, a territory sales manager for Valspar. Nguyen attached his own affidavit to his response to summary judgment. The affidavits factually conflict as to whether Nguyen was acting on behalf or as an agent of WAMMO when he signed the Personal Guaranty Agreement. The trial court agreed the "dueling" affidavits could create a genuine issue of material fact, but concluded those facts did not affect the claim against Nguyen as to his liability under the Personal Guaranty Agreement as a matter of law. (Summary Judgment, Nov. 29, 2011.)

{¶21} A contract of guaranty is, "[a] collateral engagement for the performance of the undertaking of another, and it imports the existence of two different and distinct

obligations -- one being that of the principal debtor and the other that of the guarantor. The obligation of a guarantor is collateral and secondary to the obligation of the principal debtor. * * * The principal debtor is not a party to the guaranty, and the guarantor is not a party to the principal obligation. The undertaking of the former is independent of the promise of the latter; and the responsibilities which are imposed by the contract of guaranty differ from those which are created by the contract to which the guaranty is collateral." 52 Ohio Jurisprudence 3d, Guaranty and Suretyship, Section 3, 239-240.

{¶22} The trial court held that any question as to the relationship Nguyen had with WAMMO when the Personal Guaranty Agreement was entered into was moot in consideration of the terms of the Personal Guaranty Agreement. We agree. Our review of the terms of the Personal Guaranty Agreement, relevant law, and law cited by the parties demonstrate there is no genuine issue of material fact as to Nguyen's liability under the Personal Guaranty Agreement.

{¶23} Nguyen's first and second Assignments of Error are overruled.

**CONCLUSION**

{¶24} Based on our de novo review, we find that reasonable minds could only conclude Nguyen to be liable under the terms of the Personal Guaranty Agreement. Nguyen's first and second Assignments of Error are overruled.

{¶25} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

PAD:kgb

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| VALSPAR CORPORATION | : | |
| | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| | : | |

-vs-                         :

:

:        Case No.   11 CAE 12 0116

HUNG NGUYEN            :

:

Defendant - Appellant     :

:

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN