[Cite as *Kamms Plaza Shopping Ctr., L.L.C. v. Nida Ents., Inc.*, 2024-Ohio-2068.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KAMMS PLAZA SHOPPING                 :
CENTER, LLC,

      Plaintiff-Appellant,             :

                                      No. 113046

      v.

NIDA ENTERPRISES, INC., ET AL.,      :

      Defendants-Appellees.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 30, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-976544

---

### *Appearances:*

Thomas H. Horwitz Co., LPA, and Thomas M. Horwitz;
Bryan S. Mollohan, *for appellant*.

Mark D. McGraw, *for appellee* Richard Staskevicius.

The Gareau Law Firm, Co., L.P.A., and David M. Gareau,
*for appellee* Matti Lavikka.

MICHAEL JOHN RYAN, J.:

{¶ 1} Plaintiff-appellant, Kamms Plaza Shopping Center ("appellant"), is attempting to enforce a guaranty provision in a commercial contract. Defendants-appellees, Richard Staskevicius ("Staskevicius") and Matti Lavikka ("Lavikka") (collectively referred to as "appellees"), signed the original contract and the guaranties in 1993. Over the course of 25 years, the lease was amended, changed, modified, or extended numerous times. Appellant filed suit against appellees claiming they breached their guaranties. The appellees answered by filing motions to dismiss, which the trial court granted. For the reasons that follow, we affirm the trial court's decision.

{¶ 2} In November 1993, appellant entered into a commercial lease agreement with appellees and other parties for a space to operate a tanning salon in appellant's strip mall shopping center. Certain parties to the agreement, including appellees, signed individual guaranties. Each guaranty stated, in relevant part:

> [T]he undersigned does hereby unconditionally guaranty the payments of all rents in said lease on the part of Lessee to be paid and the prompt performance by lessee of all other terms and conditions of said Lease. The guaranty is limited to a maximum of [$33,150] for the lease dated November 8, 1993. * * * It is hereby agreed that no modification, extension, indulgence, forbearance, or change granted to the lessee, its successors or assigns, shall release the undersigned from this guaranty.

{¶ 3} The lease further provided:

> 34(g) Entire Agreement  This lease and the exhibits attached hereto set forth all the covenants, promises, agreements, conditions, and understandings written between them other than are herein set forth. Except as herein otherwise provided, no subsequent alteration, amendment, change, or addition to the lease shall be binding upon landlord or tenant unless reduced to writing and signed by them.

{¶ 4} The lease was amended in 1994 and again in 1996; Lavikka signed the 1994 and 1996 lease amendments and Staskevicius signed the 1994 lease amendment.

{¶ 5} In 1999, appellant and other parties executed a third amendment that significantly changed the terms of the 1993 lease, including moving the tanning salon to another location owned by appellant. Neither appellee was named, identified as a tenant, or were a signatory to the 1999 lease amendment or any the subsequent amendments.[1] Additionally, none of the amended leases mentioned or referred to the guaranty contained in the original 1993 lease.

{¶ 6} Appellant alleged that, at some point, appellees breached the lease agreement; appellant did not specify when the breach allegedly occurred.[2] As a result of the alleged breach, appellant filed suit in April 2023, almost 30 years after the original lease was executed, claiming breach of contract, breach of guaranty, unjust enrichment, and promissory estoppel.

{¶ 7} Appellees filed motions to dismiss pursuant to Civ.R. 12(B)(6). After consideration, the trial court granted the motions to dismiss. In an opinion and order dated July 14, 2023, the trial court found that appellees were signatories to the original lease and the 1994 (signed by Staskevicius and Lavikka) and 1996 amendments (signed by Lavikka) but were not signatories to any other lease

---

[1] Although there are purported to be nine amendments to the lease, the eighth amendment was never executed.

[2] During oral argument appellant stated that it did not know the date of the breach, but that it occurred before the lease expired in 2018.

amendments. The court found that appellees did not consent to any modifications past those amendments to which they were parties; thus, they could be held responsible for their 1993 guaranties. The court further found that appellant did not allege that any of the unpaid rent was from a time prior to 1999; therefore, said breach would no longer be enforceable due to "assent of the breach or the statute of limitations."

## Assignments of Error

I. The Trial Court erred by failing to construe as true Plaintiff-Appellant's allegations in dismissing Plaintiff-Appellant's claims arising out of Defendants-Appellees' personal guaranties of a commercial lease.

II. The Trial Court erred by failing to construe as true Plaintiff-Appellant's allegations in dismissing Plaintiff's amended complaint based upon the statute of limitations.

{¶ 8} In the first assignment of error, appellant argues that the trial court erred in dismissing its complaint because the appellees signed personal guaranties.

{¶ 9} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 537 N.E.2d 1292 (1989). Our review of a dismissal pursuant to Civ.R. 12(B)(6) is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 10} A guaranty is a promise by one person to pay the debts of another. *Kauffman Family Trust v. Keehan*, 8th Dist. Cuyahoga No. 99423, 2013-

Ohio-2707, ¶ 8, citing *Valspar Corp. v. Nguyen*, 5th Dist. Delaware No. 11 CAE 12 0116, 2012-Ohio-2710, ¶ 15. Courts generally construe guaranties in the same manner as contracts. *Keehan* at *id.*, citing *G.F. Business Equip., Inc. v. Liston*, 7 Ohio App.3d 223, 454 N.E.2d 1358 (8th Dist.1982). To state a claim for breach of contract, the plaintiff must allege (1) the existence of a binding contract, (2) the nonbreaching party performed his or her contractual obligations, (3) the other party failed to fulfill its contractual obligations without legal excuse, and (4) the nonbreaching party suffered damages as a result of the breach. *Cynergies Consulting, Inc. v. Wheeler*, 8th Dist. Cuyahoga No. 90225, 2008-Ohio-3362, ¶ 15, citing *All Star Land Title Agency, Inc. v. Surewin Invest., Inc.*, 8th Dist. Cuyahoga No. 87569, 2006-Ohio-5729.

{¶ 11} In reviewing a motion to dismiss filed pursuant to Civ.R. 12(B)(6), we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jenkins v. Cleveland*, 8th Dist. Cuyahoga No. 104768, 2017-Ohio-1054, ¶ 8, citing *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791. For a party to ultimately prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a trial court granting relief. *Jenkins* at *id.*, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶ 12} "'Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement.'"

*Fairview Realty Investors v. Seaair, Inc.*, 8th Dist. Cuyahoga No. 81296, 2002-Ohio-6819, ¶ 9, quoting *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987), paragraph one of the syllabus. "When the terms in a contract are unambiguous, courts will not create a new contract by finding an intent not expressed in the clear language employed by the parties." *Fairview Realty* at *id.* citing *Alexander v. Buckeye Pipeline Co.*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978). Regarding personal guaranties, this court stated in *Fairview Realty*:

> Courts construe guaranty agreements in the same manner as they interpret contracts. One need not go beyond the plain language of the agreement to determine the parties' rights and obligations if a contract is clear and unambiguous. A guarantor is bound only by the precise words of his [or her] contract. The guaranty must clearly manifest an intent to bind the defendant. The clear and unambiguous terms of an instrument of guaranty will not be extended by construction or implication to cover a period of time not embraced within those terms. Indeed, if a contract is ambiguous so that it may either extend or limit a guarantor's obligation, such contract should be construed to limit the obligation.
>
> Where a lease agreement does not clearly and unambiguously express the intention of the parties that the guarantor of rent payments is liable for such payments beyond the original term of the lease, the guarantor's liability terminates at the expiration of the original lease. * * * Moreover, a guaranty described as unconditional and/or absolute cannot, without more, be construed to be continuing.

(Citations omitted.) *Id.* at ¶ 10 - 11.

{¶ 13} Appellant argues that the original and each subsequently amended lease binds appellees. Appellees argue that those amendments executed after the first amendment in 1994 (signed by Staskevicius and Lavikka) or second amendment in 1996 (signed by Lavikka) clearly exclude them and therefore they are not liable.

{¶ 14} To determine whether the guaranty could be invoked to attach liability to appellees under the terms of the amended leases, we look to what obligations, if any, were breached. To the extent that appellant claims the lease was binding on appellees, we consider whether the guaranty can be invoked to attach liability under the lease.

{¶ 15} Here, the original 1993 lease provides that no lease amendment shall be binding upon a tenant unless it is signed by the tenant: "Except as otherwise provided, no subsequent alterations, amendment, change or addition to this lease shall be binding upon landlord or tenant unless reduced to writing and signed by *them*." (Emphasis added.) Section 34(g), 1993 lease.

{¶ 16} The original guaranties signed by appellees provide that appellees

unconditionally guaranteed the payments of all rents in said lease on the part of Lessee to be paid and the prompt performance by lessee of all other terms and conditions of said Lease. *The guaranty is limited to a maximum of [$33,150] for the lease dated November 8, 1993.* * * * It is hereby agreed that no modification, extension, indulgence, forbearance or change granted to the lessee, its successors or assigns, shall release the undersigned from this guaranty.

(Emphasis added.)

{¶ 17} The plain language of the guaranty states that the guaranty is limited: "The guaranty is limited to a maximum of [$33,150] for the lease dated November 8, 1993." This does not mean, as appellant contends, that the guaranty binds appellees into perpetuity. Moreover, Section 34(g) required any changes of the lease to be signed by "them." Because "them" is not defined in the lease, leaving that phrase ambiguous, we will construe the term to exclude anyone who did not sign the

lease amendments either in their personal or representative capacity. *See Rudy v. Carter*, 8th Dist. Cuyahoga No. 92247, 2009-Ohio-2729, ¶ 19 (holding that when the language in a contract is ambiguous, the court must construe the language against the drafting party).

{¶ 18} We additionally note that the phrase "[i]t is hereby agreed that no modification, extension, indulgence, forbearance or change granted to the lessee, its successors or assigns, shall release the undersigned from this guaranty" — refers to a modification or change *granted to the lessee* under the original lease. It does not specify any modification or change *of the lease* does not release the guarantors. Moreover, none of the subsequently amended leases refer to the lease guaranty and neither appellee signed or was named as a tenant on any lease amendment after the 1994 lease amendment (signed by Staskevicius and Lavikka) or 1996 lease amendment (signed by Lavikka). Even if the language in the 1993 lease could be construed as ambiguous, any ambiguity is construed to limit the guarantor's obligation under the lease. *Fairview Realty,* 8th Dist. Cuyahoga No. 81296, 2002-Ohio-6819, at ¶ 10 – 11.

{¶ 19} Under the facts of this case, we find it untenable to bind an original signatory to nine lease amendments executed over a period of 25 years, when the signatory was neither a party to the lease amendments nor defined as a tenant. Simply, the guaranty failed to clearly manifest an intent to bind appellees.

{¶ 20} Considering the above, the first assignment of error is overruled.

{¶ 21} In the second assignment of error, appellant argues that the trial court erred in finding that the statute of limitations bars its claims.

{¶ 22} R.C. 2305.06 governs the statute of limitations for a written contract. When the original guaranty was executed, the statute of limitations was 15 years. *See* former R.C. 2305.06. However, on September 28, 2012, the statute was amended to provide that actions on written contracts are governed by an eight-year statute of limitations. R.C. 2305.06. If the cause of action accrued prior to September 28, 2012, the statute of limitations is the lesser of 15 years from the date of accrual or eight years from September 28, 2012, the effective date of the amendment. *SMS Fin. 30, L.L.C. v. Frederick D. Harris, M.D., Inc.*, 2018-Ohio-2064, 112 N.E.3d 395, ¶ 19 (8th Dist.), citing 2012 Am.Sub.S.B. No 224, Section 4.

{¶ 23} The original lease was executed in 1993. Appellant concedes that the complaint does not specify when the breach allegedly occurred. Arguably, appellant did not have an enforceable lease after the seventh lease amendment (which was signed in January 2010 and extended the lease to February 2011) because the parties never executed the eighth lease agreement (dated 2011, month and day left blank). Thus, the ninth "lease amendment" would be a new contract and any obligation under the original lease would have ended in 2011.[3] Nevertheless, because we have found that appellees are not bound by any lease amendments executed after the

---

[3] Even if the appellees were somehow liable for each amended lease, which they are not, appellant's failure to state when the breach occurred could render the complaint insufficient under Civ.R. 9(F), which provides that "[f]or the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

1994 lease amendment (as to Staskevicius) and the 1996 lease amendment (as to Lavikka), we need not determine whether the statute of limitations has expired on a contract to which the appellees were not parties.

{¶ 24} Accordingly, the second assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

FRANK DANIEL CELEBREZZE, III, J., CONCURS;
LISA B. FORBES, P.J., CONCURS IN JUDGMENT ONLY