74

GARVERICK ET AL., APPELLANTS,, *v.* HOFFMAN, AUDITOR, CITY
OF MANSFIELD, ET AL., APPELLEES.

(No. 69-607—Decided September 23, 1970.)

*Messrs. Ross & Davis* and *Mr. Robert L. Ross,* for appellants.

*Mr. Robert K. Rath,* city solicitor, and *Mr. William F. Gandert,* for appellees.

LEACH, J. Amended Substitute Senate Bill No. 220 was enacted by the 107th General Assembly, effective December 1, 1967. It made substantial changes in the law of Ohio as to annexation of territory to municipal corporations. (References hereinafter made to statutes involved are as they appear in, 132 Ohio Laws 362-368, 2222, except as otherwise noted.)

Prior to the amendment, the statutes contained no specific language authorizing or forbidding the withdrawal of signatures after a petition signed by a majority of the adult freeholders residing in such territory (R. C. 709.-02[1]), had been filed (R. C. 709.03). However, by judicial decision, the right to withdraw such signatures was limited to those withdrawn before any "official action" had been taken thereon. *Chadwell* v. *Cain* (1959), 169 Ohio St. 425.

The amended law makes two specific references to withdrawals. In R. C. 709.032, the following language appears:

"At the hearing any adult freeholder or owner, if applicable, who signed the petition for annexation may appear, and after being sworn as provided by Section 305.21 of the Revised Code, testify orally that his signature was obtained by fraud, duress, misrepresentation, or undue influence. * * * If a majority of the county commissioners find that such signature was obtained under circumstances that did constitute fraud, duress, misrepresentation, or undue influence, they shall find the signature to be void, and shall order it removed from the petition *as of the time the petition was filed.* * * *" (Emphasis added.)

---

[1] The statute has again been amended effective November 21, 1969, providing for petition "by a majority of the owners of real estate in such territory."

R. C. 709.03, provides in part:

"* * * Any person who signed the petition for annexation may remove his signature by filing with the Clerk of the Board of County Commissioners a written notice of withdrawal of his signature within twenty days after such a notice of filing is delivered to the clerk of the township in which he resides. Thereafter signatures may be withdrawn or removed only in the manner authorized by Section 709.032 of the Revised Code."

No reference is made in R. C. 709.03, as was made in R. C. 709.032, to removal "as of the time the petition was filed." This distinction in phraseology is highlighted by the fact that the language "as of the time the petition was filed" is also contained in R. C. 709.033[2], which reads in part:

"After the hearing on a petition to annex, the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that:

"(A) The petition contains all matter required in Section 709.02 of the Revised Code.

"(B) Notice has been published as required by Section 709.031 of the Revised Code.

"(C) The persons whose names are subscribed to the petition are adult freeholders residing in the territory in the petition, and *as of the time the petition was filed* with the board of county commissioners the *number of valid signatures on the petition constituted a majority* of the adult freeholders residing in the territory proposed to be annexed * * * :

"* * *

"(D) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted." (Emphasis is added.)

---

[2]By the amendment effective November 21, 1969, the first reference in paragraph (C) to "adult freeholders residing" was replaced by "owners of real estate located," and the second reference replaced by "owners of real estate."

On the basis of this distinction in phraseology, appellee urges this court to hold that the specific authorization for the withdrawal of signatures, contained in R. C. 709.-03, in no way affects the authority of the county commissioners to approve a petition for annexation, except to the extent that it may reflect on the factual question of whether "the general good of the territory sought to be annexed will be served if the annexation petition is granted." However those who agree with this proposition of law do not constitute a majority of this court.

Therefore, accepting the premise that the permissive withdrawal language of R. C. 709.03 should not receive the limited application contended by appellees, and assuming that an act of the commissioners in granting annexation after such withdrawals is per se *erroneous* (and thus voidable by properly prescribed judicial process), we do not conclude that such an act is *void* and thus of no legal effect.

Appellants' argument, in effect, is that since the withdrawals of signatures reduced the number of existing signatures to less than a majority, the commissioners therefore lost "jurisdiction"; that, having no "jurisdiction," their action was "void"; and thus that the failure of appellants to obtain an injunction, and the action of the city council in accepting the annexation (resulting in the territory being considered as a part of the city for all purposes beginning thirty days after the passage of the ordinance) cannot give life to that which is a complete nullity. We reject this argument. Its acceptance would mean that annexations would be subject to collateral attack whenever the commissioners exceeded their statutory powers relative to annexation, with total disregard of the fact that the same annexation statutes prescribe a specific and exclusive judicial process for litigating such issues.

Especially where administrative bodies are concerned, courts are sometimes prone to speak of any erroneous deviation from the prescribed statutory procedure as a lack of "jurisdiction." The word "jurisdiction," however, has different meanings, dependent upon the connection in which it is found and the subject matter to which

it is directed. 50 Corpus Juris Secundum 1090. In its historic and more accurate sense, jurisdiction is a matter of power and covers wrong as well as right decisions. *Lamar v. United States* (1916), 240 U. S. 60; *Fair v. Kohler Dye & Specialty Co.* (1913), 228 U. S. 22; *National Tube Co. v. Ayres* (1949), 152 Ohio St. 255, 267.

However, every wrong decision, even by an administrative body, is not *void* as being beyond the so-called jurisdiction of the tribunal, even though *voidable* by proper judicial process. Logic compels the conclusion that this is true where a specifically prescribed course of immediate judicial review or judicial examination is provided within the same act, for the relief of those persons claimed to be aggrieved by illegal or improper action of an administrative tribunal, especially where such persons fail to take advantage of the specific judicial review or examination so provided. See 2 American Jurisprudence 2d 300. That is the situation which prevailed in this case, and was the basis for the conclusion by the Court of Appeals that the case is moot. We agree with that conclusion.

Prior to the December 1, 1967, amendment, R. C. 709.-07 provided:

"If, within sixty days from the filing of the transcript, map or plat, and petition in his office as required by Section 709.03 of the Revised Code, the auditor or clerk of the annexing municipal corporation receives notice from any person interested that such person has presented a petition to the Court of Common Pleas to enjoin further proceedings, such auditor or clerk shall not report to the legislative authority such transcript, map or plat, and petition, until after the final hearing and disposition of such petition."

Under the law as it then existed, no *order* of the *court* was necessary to prevent the auditor or clerk from proceeding. The *notice* from *any person* that such person had *presented* a petition to the Court of Common Pleas resulted in an "automatic temporary injunction." See *Walker v. Serrott* (1968), 14 Ohio St. 2d 54, 55.

In the absence of any injunction to prevent annexation, however, the *Walker* case held that the adoption by

a city council of an ordinance accepting the annexation rendered the case moot. See, also, *Miner* v. *Witt* (1910), 82 Ohio St. 237, holding that an action to enjoin the city clerk from reporting to the council a transcript of the annexation proceedings of the county commissioners was moot, the annexation proceedings having been completed.

The 1967 amendment of R. C. 709.07 authorizes application for injunction by any person interested within 60 days of the filing of the annexation papers with the auditor or clerk; prescribes what facts must be alleged in the petition for injunction; provides for filing the petition for injunction "in the office of the clerk of the Court of Common Pleas"; requires that the auditor or clerk of the municipal corporation and the agent of the petitioners be named as defendants; and abolishes the "automatic temporary injunction," prohibiting further action by the auditor or clerk and the legislative authority, until after final hearing, "if an order staying further proceedings on the annexation is entered by the Court of Common Pleas or a judge thereof and served upon the auditor or clerk."

R. C. 709.04 provides:

"At the next regular session of the legislative authority of the municipal corporation to which annexation is proposed, after the expiration of sixty days from the date of filing with him as required by Section 709.033 of the Revised Code, the auditor or clerk of such municipal corporation shall lay the transcript and the accompanying map or plat and petition required by such section before the legislative authority. Thereupon the legislative authority, by resolution or ordinance, shall accept or reject the application for annexation. If the legislative authority fails to pass an ordinance or resolution accepting the application for annexation within a period of one hundred twenty days after the transcript is laid before it by the auditor or clerk, the application for annexation shall be deemed rejected by the legislative authority, unless it has been prevented from acting by a temporary restraining order, a temporary injunction, or some other order of a court."

In the absence of any order of court staying further

proceedings, and here there was none, it appears that the provisions of R. C. 709.04 would *require* the auditor to lay the annexation matter before the city council at the next regular meeting after the expiration of 60 days; and it would further appear that, in the absence of an order of court, the city council, if it desired to accept the annexation, was required to approve it within 120 days.

We think it clear that such statutory directive is a legislative reaffirmation of the principles of *Walker* v. *Serrott, supra* (14 Ohio St. 2d 54), which held that, in the absence of an injunction, the adoption by the city council of an ordinance accepting annexation renders moot a case seeking to enjoin annexation.

Such conclusion is fortified by the language of R. C. 709.10, providing:

"The annexation shall become effective thirty days after the passage of the resolution or ordinance by the legislative authority of the municipal corporation accepting annexation * * * . The territory annexed is a part of the municipal corporation, and the inhabitants residing therein shall have all the rights and privileges of, and shall be subject to the powers of the municipal corporation as are, the inhabitants within the original limits of such municipal corporation."

Overriding many other problems involved in annexation is the necessity for governmental territorial stability. This was recognized by our holding in *Miner* v. *Witt, supra* (82 Ohio St. 237), that "the annexation proceedings have been completed"; that the area in question "is now a part of the city"; and that "there is nothing left but a moot case." By the terms of R. C. 709.10, the annexation here in question has been effective since October 17, 1968, and since that time all inhabitants residing therein have had all the rights and privileges of and have been subject to the powers of the municipal corporation. Considerations of public policy should, and do, preclude retrospective judicial "de-annexation."

Amended Substitute Senate Bill No. 220, although substantially changing the annexation laws of Ohio in cer-

tain respects, does not affect our prior holdings in *Walker* v. *Serrott* and *Miner* v. *Witt*. Its prescribed procedure is in complete harmony with such holdings.

We conclude, therefore, that where a petition seeking to enjoin annexation upon the basis that the withdrawal of signatures, thereby reducing the number to less than a majority of the adult freeholders, is filed with the clerk of the Court of Common Pleas within the 60 days prescribed by R. C. 709.07; where no order of court is entered staying further proceedings; and where, at the next regular session of city council after the expiration of such 60 days, the city auditor presents the annexation application to city council which passes an ordinance accepting the annexation, such annexation becomes effective 30 days after the passage of the ordinance, as provided by R. C. 709.10. Thereafter, the issue as to whether the annexation should have been enjoined is moot.

*Judgement affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT and DUNCAN, JJ., concur.[3]

CORRIGAN, J., dissents.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.