Appellants, Janice E. Taylor and Robert V. Taylor, appeal from a decision of the Madison County Court of Common Pleas that dismissed their action for declaratory judgment against appellee, the city of London. The declaratory judgment action sought to have emergency ordinances accepting applications for annexation declared invalid. We affirm the dismissal.
On July 7, 1997, the Madison County Board of Commissioners ("county commissioners") approved an application for annexation of five hundred twenty-nine acres in Union and Deercreek Townships to the city of London. On August 11, 1997, the county commissioners approved an application for annexation of two hundred sixty acres in Union Township to the City of London. On January 15, 1998, the London City Council adopted two ordinances which accepted both applications for annexation.
On February 17, 1998, appellants filed a referendum petition which requested that the two ordinances accepting the annexations be placed on the ballot for approval or rejection by the city electorate at the next general election. On February 19, 1998, the London City Council repealed the two ordinances accepting the annexations and then passed two ordinances which approved the identical petitions for annexation as emergency measures pursuant to R.C. 731.30.
On March 27, 1998, appellants filed a complaint for declaratory judgment asserting that the emergency measures were void and invalid. On April 24, 1998, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On May 7, 1998, appellants filed a motion for summary judgment. On May 26, 1998, the trial court granted appellee's motion to dismiss and denied appellants' motion for summary judgment.
On appeal, appellants assert two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN GRANTING APPELLEE CITY OF LONDON'S MOTION TO DISMISS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY OVERRULING APPELLANTS' MOTION FOR SUMMARY JUDGMENT.
In the first assignment of error, appellants argue that the trial court erred by granting appellee's motion to dismiss. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. Greeley v. Miami ValleyMaintenance Contrs., Inc. (1990), 49 Ohio St.3d 228, 230, citing O'Brien v. University Community Tenants Union, Inc.
(1975), 42 Ohio St.2d 242, syllabus. In ruling upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. Mitchell v. LawsonMilk Co. (1988), 40 Ohio St.3d 190, 192.
The statutory procedure for annexation is set forth in Chapter 709 of the Ohio Revised Code. After a petition for annexation is filed with a board of county commissioners in accordance with R.C. 709.02, the county commissioners hold a public hearing where evidence is offered in favor and against the annexation. The county commissioners determine whether to approve or deny the petition based upon factors contained in R.C. 709.033. If the petition is approved by the county commissioners, the county commissioners deliver the petition and a transcript of the proceedings to the auditor or clerk of the municipal corporation to which annexation is proposed. R.C.709.033(E). After sixty days expires, the auditor or clerk presents the petition and the transcript of the proceedings to the legislative authority of the municipal corporation at its next regular meeting. R.C. 709.04. The legislative authority accepts or rejects the application for annexation by resolution or ordinance. R.C. 709.04. If the legislative authority does not accept an application for annexation by resolution or ordinance within one hundred twenty days after the petition and transcript is presented, the annexation will be deemed rejected unless the legislative authority was prevented from acting by an injunction or court order. R.C. 709.04.
After the county commissioners deliver a petition for annexation and a transcript of proceedings to the auditor or clerk of a municipality, an interested person may file a petition in the court of common pleas for an injunction preventing the legislative authority of the municipal corporation from accepting the annexation. R.C. 709.07; In rePetition to Annex 320 Acres to the Village of S. Lebanon
(1992), 64 Ohio St.3d 585, 591. However, if an injunction or order staying further action is not obtained before the legislative authority adopts an ordinance accepting annexation, the action to prevent the annexation is rendered moot. State exrel. Bd. Of Trustees v. Davis (1982), 2 Ohio St.3d 108, 111;Garverick v. Hoffman (1970), 23 Ohio St.2d 74, 81. InGarverick, the Supreme Court of Ohio recognized the need for "government territorial stability," and that once annexation had been completed and persons residing in the annexed territory have become citizens of the municipality, considerations of public policy preclude "de-annexation."Garverick at 81.
Appellants assert that, unlike the challengers to the annexations in Davis and Garverick, they were not given an opportunity to obtain an injunction, and therefore, the declaratory judgment action should not be rendered moot. Appellants argue that since the London City Council accepted the annexation with an emergency ordinance, the annexation became effective immediately pursuant to R.C. 729.30[1] and they did not have an opportunity to obtain an injunction. Appellants argue that where annexation is accepted by a municipality with a non-emergency ordinance, the annexation does not become effective until thirty days after the ordinance was passed pursuant to R.C. 709.10,[2] and therefore affords an opportunity to obtain an injunction.
In Davis, 2 Ohio St.3d 108, a municipality passed an ordinance accepting annexation on June 28, 1982. Davis at 109. The ordinance was to become effective thirty days after it was passed, on July 28, 1982, pursuant to R.C. 709.10. Id. On July 9, 1982, relators filed a motion requesting a stay to enjoin the annexation. Id. However, the Supreme Court of Ohio determined that the case was rendered moot on June 28, 1982.Id. at 111. Thus, the Supreme Court of Ohio found that the determinative date for the mootness inquiry was the date when the city council adopted the ordinance accepting the annexation rather than the date when the annexation become effective pursuant to R.C. 709.10. Id. See, also, In re Annexation of311.8434 Acres of Land (1992), Butler App. No. CA92-07-137, unreported.
Since the date that a city council adopts an ordinance accepting annexation is the determinative date for the mootness inquiry, we find that appellants had the same opportunity to obtain an injunction as the challengers to the annexations inDavis and Garverick. Specifically, appellants could have obtained an injunction after the county commissioners approved the annexation petitions on July 7, 1997 and before the London City Council accepted the annexations. However, appellants never attempted to obtain an injunction and by the time they brought their declaratory judgment action, the London City Council had already passed emergency ordinances accepting both annexations.
The adoption of the emergency ordinances was the final act required to complete the annexation process and "there is nothing left but a moot case." See Garverick at 81, quotingMiner v. Witt (1910), 82 Ohio St. 237. The annexed territories and the residents of those territories have been part of the city of London for many months and this court will not engage in "de-annexation." Accordingly, we conclude that appellants' efforts to challenge the annexations have been rendered moot, and appellees' motion to dismiss was properly granted by the trial court. Appellants' first assignment of error is overruled.
In the second assignment of error, appellants argue that the trial court erred by overruling their motion for summary judgment. An appellate court reviews a ruling on summary judgment de novo. Jones v. Shelley Co. (1995), 106 Ohio App.3d 440,445. Summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in a light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Civ.R. 56(C); WelcoInd., Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346.
In the present case, the facts were not disputed and there was not a genuine issue of material fact to be litigated. However, as discussed in appellants' first assignment of error, the declaratory judgment action was rendered moot by the adoption of the emergency ordinances. Therefore, appellants' were not entitled to judgment as a matter of law and reasonable minds could not only have found in appellants' favor. Accordingly, the trial court did not err by overruling appellants' motion for summary judgment and the second assignment of error is overruled.
Judgment affirmed.
WALSH and KERNS, JJ., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] R.C. 731.30 provides in part:
 [E]mergency ordinances or measures necessary for the immediate preservation of the public peace, health, or safety in such municipal corporation, shall go into immediate effect. Such emergency ordinances or measures must, upon a yea and nay vote, receive a two-thirds vote of all the members elected to the legislative authority, and the reasons for such necessity shall be set forth in one section of the ordinance or other measure.
[2] R.C. 709.10 provides:
 The annexation shall become effective thirty days after the passage of the resolution or ordinance by the legislative authority of the municipal corporation accepting annexation, provided that if the resolution or ordinance is subjected to a referendum, the annexation, if approved by the electors, shall become effective thirty days after such approval. The territory annexed is a part of the municipal corporation, and the inhabitants residing therein shall have all the rights and privileges, and shall be subject to the powers, of the municipal corporation as are the inhabitants within the original limits of such municipal corporation.