OPINION
{¶ 1} The Weathersfield Township Board of Trustees ("the Board") appeals from the judgment of the Trumbull County Common Pleas Court, which denied the Board's petition to enjoin annexation. Because the issues raised in this appeal are moot, we dismiss the Board's appeal.
 {¶ 2} On August 27, 2001, B.R.D., L.L.C., Pace Family Limited Partnership, and James Coates, Sr., filed a petition for annexation with the Trumbull County Commissioners pursuant to R.C. 709.02. The petition sought to annex 34.2140 acres then in Weathersfield to the City of Niles. The commissioners approved the annexation on February 20, 2002.
 {¶ 3} On March 12, 2002, the Board filed a petition in the Trumbull County Court of Common Pleas to enjoin annexation, pursuant to former R.C. 709.07. The Board also moved the trial court for a stay to preclude the City of Niles from accepting the annexation, pending a decision on the Board's petition to enjoin annexation. The trial court granted a stay. The parties then submitted briefs in support of their respective positions on the Board's petition to enjoin annexation. On June 15, 2004, the trial court denied the Board's petition to enjoin annexation and lifted the stay. On June 16, 2004, the City of Niles passed an ordinance accepting the annexation.
 {¶ 4} The Board appeals from the trial court's judgment raising one assignment of error:
 {¶ 5} "[1.] The trial court erred to the prejudice of Appellant by granting the proposed annexation, when the real estate to be annexed was not `adjacent' to or `contiguous' with the City of Niles, as required by applicable law."
 {¶ 6} Before we consider the merits of the Board's appeal, we must determine whether the City of Niles's action of accepting the annexation after the trial court lifted the stay, rendered this appeal moot. We hold it did.
 {¶ 7} With respect to petitions to enjoin annexation, former R.C.709.07(B) provided:
 {¶ 8} "The petition shall be filed and docketed in the office of the clerk of the court of common pleas, naming the auditor or clerk of the municipal corporation to which annexation is proposed and the agent of the petitioners for annexation as defendants * * *. The auditor or clerk shall not present the annexation application to the legislative authority and it shall not take any action thereon, until after the final hearing and disposition of such petition if an order staying further proceedingson the annexation is entered by the court of common pleas or a judgethereof * * *." (Emphasis added.)
 {¶ 9} Here, the trial court initially stayed the annexation proceedings; however, it subsequently lifted the stay and the City of Niles passed an ordinance accepting the annexation. In Gaverick v.Hoffman (1970), 23 Ohio St.2d 74, the Ohio Supreme Court held that, in the absence of stay, a municipality's acceptance of annexation rendered moot an action seeking to enjoin the annexation. Id. at 81-82. See, also, State ex rel. Bd. of Trustees of Springfield Twp. v. Davis (1982),2 Ohio St.3d 108, 111 (quoting Gaverick and stating "It is well established that absent an injunction or order staying further action, `the adoption by the city council of an ordinance accepting annexation renders moot a case seeking to enjoin annexation.'")
 {¶ 10} The Board did not seek an order staying the trial court's judgment pending this appeal and the City of Niles subsequently adopted an ordinance accepting the annexation. As the Court in Gaverick noted, "Overriding many other problems involved in annexation is the necessity for governmental territorial stability. * * * Considerations of public policy should, and do, preclude retrospective judicial `de-annexation.'" Id. at 81.
 {¶ 11} For the foregoing reasons, this appeal is dismissed as moot.
O'Neill, J., O'Toole, J., concur.