[Cite as *Swan Super Cleaners, Inc. v. Franklin Cty. Bd. of Commrs.*, 2017-Ohio-8978.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Swan Super Cleaners, Inc., | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-185 |
| | | (C.P.C. No. 16CV 6198) |
| Franklin County Board of Commissioners et al., | : | |
| | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on December 12, 2017

**On brief:** *Peterson, Conners, Swisher & Peer LLP, Gregory S. Peterson* and *Istvan Gajary*, for appellant Swan Super Cleaners, Inc. **Argued:** *Gregory S. Peterson.*

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Nick A. Soulas, Jr.*, for appellees Franklin County Commissioners, Commissioner John O'Grady, Commissioner Marilyn Brown and Commissioner Paula Brooks. **Argued:** *Nick A. Soulas, Jr.*

**On brief:** *Wesp Barwell, LLC, Gregory P. Barwell, Quinn M. Schmiege* and *Jud R. Mauger*, for appellee Pelican (Dale) Cleaners. **Argued:** *Gregory P. Barwell.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Plaintiff-appellant, Swan Super Cleaners, Inc. ("Swan Cleaners"), appeals from the decision of the Franklin County Court of Common Pleas holding Swan Cleaners' discovery motions moot, granting summary judgment for defendant-appellee, Franklin

County Board of Commissioners ("Board"), and granting summary judgment for defendant-appellee, Pelican Cleaners d.b.a. Dale Cleaners ("Dale Cleaners"). For the following reasons, we affirm the decision of the trial court.

## I. Facts and Case History

{¶ 2} The Franklin County Board of Commissioners, Commissioner John O'Grady, Commissioner Paula Brooks, and Commissioner Marilyn Brown, posted an invitation to bid on a contract to provide cleaning services for the Franklin County Sheriff's Department. The deadline for the bid was May 12, 2016. Swan Cleaners and Dale Cleaners submitted the only two bids. The Board determined that Dale Cleaners was the lowest and best bid and awarded the contract on July 5, 2016. The contract stated that cleaning services were to begin on August 1, 2016.

{¶ 3} On May 17, 2016, Swan Cleaners wrote a letter indicating that they suspected Dale Cleaners was using what they believed was an improper laundering method other than dry cleaning in fulfilling the previous version of the contract and that Dale Cleaners should be disqualified from bidding. The inference from the letter was that Dale Cleaners would continue to use improper methods on the contract being bid on. Swan Cleaners then filed the original lawsuit complaint on June 30, 2016. The Board was the only defendant named in the complaint. On July 1, 2016, Swan Cleaners' motion for a temporary restraining order pursuant to Civ.R. 65 was denied. The contract was awarded four days later on July 5, 2016.

{¶ 4} The lawsuit was referred to a magistrate for a preliminary injunction hearing to be held on July 18, 2016 after the contract had been awarded, but prior to the anticipated implementation of the contract on August 1, 2016. However, the hearing was continued at the request of Swan Cleaners' counsel to August 18, 2016.

{¶ 5} On July 13, 2016, Swan Cleaners filed an amended complaint which added Dale Cleaners as a defendant and sought a preliminary and permanent injunction enjoining the Board from awarding the contract which had already been awarded. The amended complaint also sought an order declaring an award of the contract instead to Swan Cleaners, or a declaration that the entire bidding process be rebid. Again, the amended complaint naming Dale Cleaners and seeking an injunction was filed more than one week after the contract had been awarded.

{¶ 6} On August 1, 2016, Dale Cleaners began performance of the contract. On October 11, 2016, the Board filed a motion for summary judgment. On November 15, 2016, Dale Cleaners filed a motion for summary judgment and a motion to stay discovery. A status conference was held on January 24, 2017, at which time Dale Cleaners agreed to a deposition of one of its representatives.

{¶ 7} On February 13, 2017, Dale Cleaners stated that its motion for continuance pursuant to Civ.R. 56(F) was moot. (Swan Cleaners' brief, Ex. A.) On February 14, 2017, the trial court issued its decision granting the motions for summary judgment for both appellees.

{¶ 8} Swan Cleaners timely appealed this matter.

## II. Assignments of Error and Standard of Appellate Review

{¶ 9} Swan Cleaners brings four assignments of error for our consideration:

> I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING DEFENDANT/APPELLEES' MOTIONS FOR SUMMARY JUDGEMENT PRIOR TO THE COMPLETION OF DISCOVERY AGREED TO BETWEEN THE PARTIES.
>
> II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THE DISPUTE BETWEEN THE PARTIES WAS MOOT.
>
> III. THE COURT COMMITTED REVERSIBLE ERROR BY FINDING THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AS AS [sic] THE TO [sic] PROCEDURE FOR THE AWARD OF A DRY CLEANING CONTRACT TO PELICAN CLEANERS.
>
> IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THE INSTANT COMPLAINT FAILED TO ASSERT A CLAIM OR SEEK RELIEF FROM PELICAN.

{¶ 10} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:

> [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be

> rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion * * *.

{¶ 11} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party meets its initial burden, the non-moving party must then produce competent evidence showing that there is a genuine issue for trial. *Id.* at 293.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

Civ.R. 56(E). "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998). Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 12} De novo review is well established as our standard of review for summary judgments. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We stand in the shoes of the trial court and conduct an independent review of the record applying the same summary judgment standard. As such, we must affirm the trial court's judgment if

any of the grounds raised by the moving party, at the trial court's level, are found to support it, even if the trial court failed to consider those grounds.  *See Dresher*; *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

### III. Assignments of Error are Moot

{¶ 13} The second assignment of error argues the trial court erred in finding the dispute between the parties was rendered moot.

{¶ 14} "[A] court will generally not resolve a moot controversy."  *Lingo v. Ohio Cent. R.R.*, 10th Dist. No. 05AP-206, 2006-Ohio-2268, ¶ 20.

> "Actions or opinions are described as 'moot' when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' "

*Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting *Culver v. City of Warren*, 84 Ohio App. 373, 393 (11th Dist.1948).

{¶ 15} " 'It is not the duty of the court to answer moot questions, and when, pending proceedings * * * in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition * * *.' "  *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 10, quoting *Miner v. Witt*, 82 Ohio St. 237 (1910).

{¶ 16} As noted earlier, Swan Cleaners' July 13, 2016 amended complaint added Dale Cleaners as a defendant.  The amended complaint sought a preliminary and permanent injunction enjoining the Board from awarding the contract to Dale Cleaners, an order declaring that Dale Cleaners' bid is noncompliant under section 2.14 of the invitation to bid while Swan Cleaners' bid is compliant, a declaration that the invitation to bid is ambiguous, an order declaring an award of the contract to Swan Cleaners, or a declaration that the entire bidding process must be rebid.

{¶ 17} Swan Cleaners sought relief only concerning the bidding phase of the contract.  Swan Cleaners' initial attempt to thwart the awarding of contract was unsuccessful.  The contract had been awarded to Dale Cleaners on July 5, 2016, while Swan Cleaners' amended complaint was filed on July 13, 2016.  Swan Cleaners effectively ended its pursuit of a preliminary injunction on July 18, 2016, when it continued the magistrate's hearing to a date after the implementation of the contract.  Again, in the amended complaint, Swan Cleaners sought relief that only concerned the bidding or award of the contract.  If we were to decide in favor of Swan Cleaners, the only relief that could be granted would concern the bidding phase of the contract, which had passed by the time Swan Cleaners had filed the amended complaint.

{¶ 18} We find that, following the denial of Swan Cleaners' motion for a temporary restraining order, Swan Cleaners failed to obtain an injunction pending appeal and was not improperly denied an injunction.  Because the contract was awarded and Swan Cleaners was not successful in its pursuit of available remedies, we find that Swan Cleaners' appeal is rendered moot.  The relief sought only concerns actions that concern the bidding of the contract.  *See Meccon, Inc. v. Univ. of Akron*, 126 Ohio St.3d 231, 2010-Ohio-3297.  Nor was it the case that Swan Cleaners sought an injunction but was denied, which then could be reviewed on appeal.  *See Id.* (Rejected bidder needed to establish that it properly sought, but was denied, injunctive relief and have it later determined that the bidder was wrongfully rejected and injunctive relief is no longer available because the project has already been started or completed.)

{¶ 19} In a similar situation, in the absence of an injunction, the adoption of a city ordinance accepting annexation rendered moot a case seeking to enjoin annexation.  *Garverick v. Hoffman*, 23 Ohio St.2d 74, 81 (1970); *State ex rel. Bd. of Trustees v. Davis*, 2 Ohio St.3d 108, 111 (1982) (absent an injunction or order staying further action, the adoption by city council of an ordinance accepting annexation renders moot a case seeking to enjoin annexation).  The Supreme Court of Ohio has noted that the parties challenging the legislation at issue failed to take advantage of available remedies to stay proceedings before the legislation was passed.  Thus, because the parties did not avail themselves of such remedies, any subsequent challenge seeking to enjoin the enacted

legislation was rendered moot. *Taylor v. London*, 88 Ohio St.3d 137, 140 (2000), citing *Davis* and *Garverick*.

{¶ 20} In several other cases, an unsuccessful bidder was unable to obtain a stay of execution of the trial court's judgment and the contract was awarded to another bidder during pendency of the appeal. The unsuccessful bidder's appeal was found to be moot. *Frank Novak & Sons v. Avon Lake Bd. of Edn.*, 9th Dist. No. 01CA007835 (Dec. 5, 2001), citing *State ex rel. Wenger Corp. v. the Univ. of Akron*, 9th Dist. No. 8078 (July 8, 1976), *see Gaylor, Inc.* (stay filed by unsuccessful bidder before the contract was awarded to another contractor). *See also TP Mechanical Contrs., Inc. v. Franklin Cty. Bd. of Commrs.*, 10th Dist. No. 08AP-108, 2008-Ohio-6824, ¶ 20 (if an unsuccessful bidder of a construction contract seeks to enjoin the performance of a contract and fails to obtain a stay of the performance pending judicial resolution of its claims challenging the decision and construction commences, then the unsuccessful bidder's action will be rendered moot).

{¶ 21} Having found that Swan Cleaners' action is rendered moot, we find that the first, second, third, and fourth assignments of error are rendered moot and therefore overruled. The Board and Dale Cleaners were entitled to judgment as a matter of law.

## IV. Conclusion

{¶ 22} Having found the assignments of error moot and hence overruled, we affirm the decision of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

HORTON, J., concurs.
DORRIAN, J., concurs in part and dissents in part.

DORRIAN, J., concurring in part and dissenting in part.

{¶ 23} I concur in part and dissent in part from the opinion of the majority. I respectfully dissent and would sustain the first and second assignments of error as to appellant's request for (1) declaratory judgment that Resolution 496-16 was unlawful and void (Amended Complaint at ¶ 40(d)); and (2) writ of mandamus ordering that the Commissioners unlawfully passed Resolution 496-16 (Amended Complaint at ¶ 49).

{¶ 24} I would reject appellee's argument that appellant's requested relief is moot because it was directed solely at the bidding phase of the contract which was completed. The claims outlined above address more than the bidding phase of the contract. They address the actual award of the contract. Furthermore, I would reject appellee's argument that appellant's requested relief is moot because performance has already begun on the contract. The authority to which appellee cites in support of this argument involved public contracts for construction. *See State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 11, citing *TP Mechanical Contrs., Inc. v. Franklin Cty. Bd. of Commrs.*, 10th Dist. No. 08AP-108, 2008-Ohio-6824, ¶ 20 ("In a *construction-related case*, if an unsuccessful bidder seeking to enjoin the construction of a public-works project fails to obtain a stay of the construction pending judicial resolution of its claims challenging the decision, and construction commences, the unsuccessful bidder's action will be dismissed as moot."). (Emphasis added.) Appellees point to no authority that mootness applies for this reason in non-construction-related cases, and it is not clear to me that the same logic would apply to the facts of this case.

{¶ 25} Finally, I note that Exhibit A, attached to appellant's brief, reveals that while appellant agreed that appellee's motion for continuance, pursuant to Civ.R. 56(F), was moot, appellant informed the court that the parties "have agreed to very limited discovery and have a deposition scheduled for March 1 [2017]." Notwithstanding, being aware that the parties had worked out a discovery schedule, the trial court granted appellee's motion for summary judgment on February 14, 2017.

{¶ 26} Therefore, as to these limited claims for relief only, I would find the trial court erred in finding them to be moot. I would reverse and remand these claims and instruct the trial court to allow appellant to complete discovery regarding the same. Accordingly, I would sustain the first and second assignments of error. I would not address the third assignment of error as to these limited claims as to do so would be premature until after discovery is completed.