[Cite as *Doran v. Heartland Bank*, 2018-Ohio-1811.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Justin S. Doran et al., | : | |
| Plaintiffs-Appellees/<br>Cross-Appellants, | : | |
| | : | No. 16AP-586 |
| v. | | (C.P.C. No. 16CV-06-5401) |
| | : | |
| Heartland Bank, | | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant/<br>Cross-Appellee. | : | |

D E C I S I O N

Rendered on May 8, 2018

**On brief:** *Vorys, Sater, Seymour and Pease LLP, Natalie M. McLaughlin, Nelson D. Cary* and *Daniel J. Clark,* for appellees/cross-appellants. **Argued:** *Natalie M. McLaughlin.*

**On brief:** *Meyer & Kerschner, Ltd., Michael D. Stultz,* and *Christopher C. Camboni*; *Ice Miller LLP,* and *Paul L Bittner,* for appellant/cross-appellee. **Argued:** *Michael D. Stultz.*

**On brief:** *Cooper & Elliott, LLC,* and *Rex H. Elliott,* as amicus curiae.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant/cross-appellee, Heartland Bank ("Heartland" or "appellant"), and plaintiffs-appellees/cross-appellants, Justin S. Doran ("Doran") and Columbus First Bank ("Columbus First" or collectively the "appellees"), appeal from a July 18, 2016 decision and entry of the Franklin County Court of Common Pleas. Appellees have filed a motion to dismiss on the grounds of mootness. For the reasons that follow, we dismiss the appeal as moot.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}   In light of our resolution of this matter, we will briefly summarize the facts. Doran worked for another bank for eight years and was trained as a commercial loan officer prior to starting work for Heartland on February 4, 2013. Several weeks after starting employment, Heartland requested Doran sign an employment agreement that had non-compete and non-solicitation covenants.  As he had already resigned from his previous job and been working at Heartland for several weeks, he decided to sign the agreement.

{¶ 3}   As time went on, Doran became one of Heartland's top commercial loan officers.  In February 2015, Doran was invited to participate in Heartland's performance driven retirement plan.  The performance-based retirement plan consists of (1) a bank-funded investment for the employee, and (2) a life insurance policy for the employee. The banking industry commonly calls these benefits Bank-Owned Life Insurance plans or "BOLIs."  Doran's BOLI also had one year non-compete and non-solicitation restrictions on his employment after separating from Heartland.  It was Heartland's intention for the BOLI plan restrictions to take the place of the restrictions in Doran's employment agreement. Doran signed the BOLI plan.

{¶ 4}   In May 2016, Doran decided to take a job with Columbus First. Doran resigned on May 4, 2016 and requested that Heartland release him from his non-compete restriction.  Doran's anticipated start date with Columbus First was May 19, 2016.  Shortly before that date, Heartland sent letters to Doran and Columbus First, threatening to pursue all available remedies contending that the employment of Doran by Columbus First was in violation of Doran's BOLI plan and that Columbus First had tortiously interfered with Doran's contract with Heartland. In response, Columbus First delayed Doran's start date, but did not rescind its offer of employment.  Columbus First attempted to resolve the dispute to no avail.

{¶ 5}   As such, Doran remained out of work. Without a resolution in sight, Doran and Columbus First decided to file for declaratory relief so a court could determine whether the restrictions were enforceable.  On June 7, 2016, Doran and Columbus First filed their complaint, seeking a declaratory judgment concerning the enforceability of the non-compete and non-solicitation restrictions contained in the BOLI plan.  On June 21, 2016, Heartland filed its answer and counterclaim seeking an order declaring that (1) the BOLI

agreement was valid and restricts Doran from working at Columbus First until May 10, 2017, (2) Doran breached the employment agreement and BOLI plan, and (3) Columbus First wrongfully induced Doran to breach said agreements.

{¶ 6}    The trial court subsequently set the declaratory judgment hearing for July 11, 2016. The hearing lasted two and one-half days, and included numerous witnesses, concluding on July 13, 2016.  On July 18, 2016, the trial court issued its judgment entry and found the following:

> In light of the foregoing, the Court finds the restraints and resulting hardships on Doran with respect to the non-compete restriction exceed those which are reasonable to protect Heartland's legitimate business interests. * * * The Court therefore strikes the non-compete clause in Doran's BOLI agreement, which agreement itself provides that "unenforceable provisions may be stricken."
>
> With respect to the non-solicitation restriction in Doran's BOLI agreement — since Heartland's position is that the restrictive covenants in the BOLI agreements were meant to replace the ones in the Employee Agreements — the Court finds the restriction is overly broad and vague.  However, rather than striking that clause, the Court finds it best to modify the same.
>
> * * *
>
> Having stricken the non-compete clause, the Court finds Heartland's Counterclaims, which are based on the terms of the stricken non-compete restriction, fail as a matter of law.

*Id.* at 17-19.

{¶ 7}    On August 16, 2016, Heartland filed a notice of appeal and, on August 24, 2016, Doran and Columbus First filed a notice of cross-appeal.

{¶ 8}    Also, on August 16, 2016, Heartland moved the trial court for a stay of the declaratory judgment entered in this case pending appeal.  On August 24, 2016, the trial court granted the stay but stated that "[t]he stay shall go into effect upon the posting of a supersedeas bond in the amount of $100,000.00." (Order of Stay of Declaratory Jgmt. Pending Appeal.)  On September 13, 2016, Heartland moved the trial court for approval of the bond.  Attached to the motion was the proposed appeal bond with Heartland as the principal and Westfield Insurance Company as the surety.  On October 26, 2016, the trial court denied Heartland's motion for approval of the bond and specifically stated "[h]aving

reviewed [Heartland's] Motion for Court Approval of Bond and the surety bond attached thereto, the Court hereby DENIES the same. Defendant shall post the $100,000 amount with the Clerk of Court as bond." (Oct. 26, 2016 Entry Denying Defendant's Mot. for Court Approval of Bond.) Our review of the record and the trial court's docket shows that the $100,000 amount was never posted with the clerk of court. As such, the stay never went into effect.

{¶ 9} On April 25, 2017, appellees filed a motion to dismiss for lack of subject-matter jurisdiction claiming that the appeal is moot. On April 28, 2017, we stated that the motion to dismiss shall be submitted to the court as the court determines the merits of this appeal. (Journal Entry at 1.)

## II. ASSIGNMENTS OF ERROR

{¶ 10} Heartland assigns the following errors:

[I.] The trial court erred when it failed to apply the *Raimonde v. Van Vlerah* test to the non-competition covenant at issue in this case.

[II.] The trial court erred when it applied irrelevant factors under the *Raimonde v. Van Vlerah* test to the non-competition covenant at issue in this case.

{¶ 11} Doran and Columbus First assign the following errors:

[I.] The Trial Court erred in deciding to modify, rather than strike, the vague and overbroad non-solicitation restriction contained in the Performance Driven Retirement Plan Agreement.

[II.] The Trial Court's modification of the non-solicitation restriction contained in the Performance Driven Retirement Plan Agreement fails to cure the overbreadth and vagary of that restriction to make it enforceable.

## III. MOTION TO DISMISS

{¶ 12} Before addressing the assignments of error, we must first address appellees' motion to dismiss. In *Swan Super Cleaners, Inc. v. Franklin Cty. Bd. of Commrs.*, 10th Dist. No. 17AP-185, 2017-Ohio-8978, ¶ 14, quoting *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (11th Dist.1948), we stated:

" 'Actions or opinions are described as "moot" when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * "A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." ' "

{¶ 13} Where a question before a court has become moot, the jurisdiction of the court is lost because "the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question. It is not the duty of a court to decide purely academic or abstract questions." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). "When a case is deemed moot, the defending party is entitled to a dismissal as a matter of right." *Lund v. Portsmouth Local Air Agency*, 10th Dist. No. 14AP-60, 2014-Ohio-2741, ¶ 6, citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953).

{¶ 14} In appellees' motion to dismiss, they argue that when a contract is no longer enforceable due to the expiration of a time period specified in the contract, any suit seeking a declaratory judgment regarding the scope of the contract is moot. At issue in this case is the enforceability of non-competition and non-solicitation clauses in Doran's employment contract with Heartland. Under the terms of the contract, both of those clauses were subject to a one year "restricted period" defined as "the one-year period immediately after the Executive's Disability or Separation from Service." (Jgmt. Entry at 6.) Doran's employment was separated on May 9, 2016. Appellees argue that the restrictive period ended on May 9, 2017, bringing any contractual non-compete or non-solicitation obligation Doran may owe to Heartland to an end and, as such, the case became moot and this court is deprived of subject-matter jurisdiction.

{¶ 15} Heartland Bank raises two arguments in opposition to appellees' motion to dismiss. First, Heartland argues that there is a live controversy because if the trial court's declaratory judgment is reversed, its counterclaims for tortious interference and breach of contract will be revived, even if the contract term has expired.

{¶ 16} As an initial matter, Heartland did not appeal the dismissal of its counterclaims by the trial court. Where an appellant fails to mention counterclaims in its assignments of error, and has failed to discuss the counterclaim in briefing, those claims are not subject to review by the court of appeals. *United States Bank v. Malyuk*, 8th Dist. No. 101472, 2015-Ohio-2385, ¶ 9-14. *See also* App.R. 16 (requiring appellant to set forth the assignments of error presented for review and to state the relief sought).

{¶ 17} In addition, prior to the trial court's judgment, Doran did not work for Columbus First. On July 18, 2016, the trial court ruled that the non-compete restriction is unenforceable. The trial court required Heartland to post $100,000 as a supersedeas bond in order to stay its judgment. Heartland failed to post the requisite bond. As such, the trial court's judgment has remained effective during the pendency of this appeal. *Blood v. Nofzinger*, 162 Ohio App.3d 545, 2005-Ohio-3859 (6th Dist.), ¶ 21, quoting *State v. Suchy*, 6th Dist. No. L-02-1243, 2003-Ohio-3457, ¶ 27 (finding a " 'judgment remains effective unless stayed pursuant to Civ.R. 62, reversed or vacated on appeal, App.R. 12, or superseded by another judgment' "). *See also* R.C. 2505.09 (holding "an appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee").

{¶ 18} Doran did not breach the contract and Columbus First did not tortiously interfere with the contract during the pendency of the appeal as they both lawfully complied with an effective judgment of the trial court. After May 9, 2017, any claim for breach of contract or tortious interference is moot as a contract cannot not be breached or tortiously interfered with after it expires.

{¶ 19} Secondly, Heartland cites *Trim-Line of Toledo v. Carroll*, 6th Dist. No. L-86-176 (Feb. 25, 1987), in support of its argument that the restrictive covenants cannot expire while they are litigated, and should be prospectively extended in the event that this court reverses the trial court's declaratory judgment ruling. *Trim-Line* is inapposite here.

{¶ 20} In that case, the employee signed a two-year non-compete covenant. However, immediately after leaving the appellant's employ, up until the time of the Sixth District Court of Appeal's decision which was almost two years later, the employee had directly competed against the employer. Unlike this case, the former employer sought

injunctive relief to enjoin the employee from violating his non-compete restriction. The Sixth District found the non-compete clause to be enforceable, but reduced the restrictive time period from two years to one year. In addition, since the employee immediately competed against the former employer, the court held that it would be inequitable for the employee to evade the force of any injunction by using "litigation as a delay tactic." *Id.* at 5. As a result, the one-year period was to be enforced prospectively.

{¶ 21} In the instant case, Doran and Columbus First complied with an effective judgment entry that was never stayed, and Heartland never sought injunctive relief. The current case is a declaratory judgment action that asked the trial court to determine whether the non-compete and non-solicit covenants were valid. Those restrictions expired on May 9, 2017. As such, Heartland cannot seek injunctive relief because a party must file for an injunction prior to the expiration of the restrictions. *See Cynergies Consulting, Inc. v. Wheeler*, 8th Dist. No. 90225, 2008-Ohio-3362, ¶ 25-29.

{¶ 22} In cases for declaratory judgment regarding a provision in a contract, the case becomes moot when, according to the terms of the contract, the contractual provision expires. In *Harkai v. Scherba Industries*, 9th Dist. No. 02CA0007-M, 2003-Ohio-366, the court stated:

> An action must be dismissed as moot unless it appears that a live controversy exists. *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 266-67, 610 N.E.2d 1061. * * * Moreover, no injunctions were issued enjoining operation of the restrictive covenant. As such, the covenant has expired; a covenant not to compete that expires by its own terms moots requests to enforce such an agreement. *National Sanitary Supply Co. v. Wright* (1994), 644 N.E.2d 903, 906 (stating that the issue of enjoining past employee from competition had become moot once the covenant not to compete had expired); *In re Talmage* (N.D.Ohio 1988), 94 B.R. 451, 453-54 (finding that a court is not able to specifically enforce a covenant not to compete after it expired by its own terms).

{¶ 23} In addition, other Ohio courts have held likewise. *See Ashtabula Cty. Joint Voc. School v. O'Brien*, 11th Dist. No. 2004-A-0092, 2006-Ohio-1794, ¶ 31 -38 (holding that declaratory judgment action was moot at the time of the expiration of the contract); and *Manchester Edn. Assn. v. Manchester Local School Dist. Bd. Of Edn.*, 9th Dist. No.

12481 (Aug. 20, 1986) ("[t]he negotiated agreement in effect at the time of the trial court's decision expired by its own terms on August 31, 1985, thereby rendering this appeal moot. We therefore dismiss the appeal").

{¶ 24} Since the non-compete and non-solicitation covenants are the subject of the parties' assignments of error, and said provisions expired on May 9, 2017, any judgment of this court would not have any impact on a genuine, live controversy. As such, the parties' assignments of error are moot and this matter is dismissed for lack of jurisdiction.

## IV. DISPOSITION

{¶ 25} Having determined that all of the assignments of error are rendered moot, we hereby dismiss this appeal for lack of jurisdiction.

*Appeal dismissed.*

BROWN, P.J. and LUPER SCHUSTER, J., concur.

———————————————